INVESTORS EQUITY LIFE INSURANCE COMPANY OF HAWAII, LTD., a Hawaii corporation; Wayne C. Metcalf, III, Insurance Commissioner of the State of Hawaii, Petitioners–Counter–Respondents–Appellees,

v.

ADM INVESTOR SERVICES, INC., a Delaware Corporation, Respondent–Counter–Petitioner–Appellant.

Investors Equity Life Insurance Company of Hawaii, Ltd., a Hawaii corporation; Reynaldo D. Graulty, Insurance Commissioner of the State of Hawaii, Petitioners–Counter–Respondents–Appellees,

v.

ADM Investor Services, Inc., a Delaware Corporation, Respondent–Counter–Petitioner–Appellant.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Reynaldo D. Graulty, Insurance Commissioner of the State of Hawaii, Petitioner–Appellee,

v.

Investors Equity Life Insurance Company of Hawaii, Ltd., a Hawaii corporation, Respondent,

and

ADM Investor Services, Inc., a Delaware Corporation, Respondent–Appellant.

Nos. 98–15140, 98–15290, 99–15122.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided Jan. 12, 2001.

Before HUG, TROTT, and WARDLAW, Circuit Judges.

## MEMORANDUM*

ADM Investor Services ("ADM") appeals the district court's order affirming

---

* This disposition is inappropriate for publication and may not be cited to or by the courts

the American Arbitration Association Panel's ("Panel") award of $6.9 million in damages to the Insurance Commissioner of the State of Hawaii, as Liquidator ("Liquidator") for Investors Equity Life Insurance Co. ("IEL"). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

█ The district court did not err in finding that in the arbitration proceeding the Liquidator asserted derivative claims on behalf of IEL, rather than independent claims belonging to IEL's creditors, policyholders, and annuitants. The Liquidator specifically sought recovery of trading losses, commissions, and fees suffered by IEL. It was authorized to prosecute all claims on behalf of the insurer, IEL. *See* Haw.Rev.Stat. § 431:15–310(a)(12). The arbitration award was not directly awarded to IEL's creditors, policyholders, and annuitants. Their recovery, if any, depended on the outcome of an independent liquidation proceeding. Therefore the district court correctly concluded that the Panel did not act in manifest disregard of the law in finding that the Liquidator was entitled to assert a claim against ADM.

█ The district court alternatively found that the issue of whether the Liquidator was entitled to assert derivative claims on behalf of IEL's creditors, annuitants, and policyholders was a procedural issue to be determined by the Panel. We agree. The general rule is that "[o]nce it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Because the issue of whether a particular person or entity is a proper party to the arbitration

proceeding is a procedural issue to be determined by the arbitrators, *see Daiei, Inc. v. United States Shoe Corp.,* 755 F.Supp. 299, 303 (D.Haw.1991), the district court did not err.

█ Nor did the district court err in finding that the Panel did not act with manifest disregard of the law when it applied Hawaii law rather than abiding by the contractual choice-of-law provision. Although parties are generally entitled to select the law which applies to contractual claims, we have expressly determined that tort claims are not governed by a contractual choice-of-law provision. *See Sutter Home Winery, Inc. v. Vintage Selections, Ltd.,* 971 F.2d 401, 407–08 (9th Cir.1992) (tort claims are not governed by contractual choice-of-law provisions); *Consol. Data Terminals v. Applied Digital Data Sys.,* 708 F.2d 385, 390 n. 3 (9th Cir.1983) (holding that "tort law and the law of punitive damages, are not controlled by the contract choice of law provision"). Here, the Panel awarded damages to IEL based on a finding that ADM negligently handled IEL's account. Therefore, the district court correctly found that the Panel did not act with manifest disregard of the law in applying Hawaii law.

█ The district court also correctly found that the Panel did not act with manifest disregard of law in holding ADM liable for negligence. ADM contends that the duty owed by a commodities broker holding a non-discretionary account is an "exceedingly narrow one, consisting at most of a duty to properly carry out transactions ordered by the customer." The arbitrators found as a factual matter, however, that ADM was aware that IEL's trading in the ADM account was speculative and not a bona fide hedge. *See* Haw. Ins.Code § 431:6–321. While ordinarily a

broker may rely on a hedge letter from its customer, Chicago Board of Trade Rule 431.02.07, it may not do so where there is "reason to suspect otherwise." *Id.* The Panel found "immediate, repeated, and overwhelming" evidence of speculation known to ADM's account officers; most significantly that while IEL's net worth was only $6 million, the "hedge" account had an embedded loss of almost $18 million at the time it was opened. We have found that a broker such as ADM can be held liable for not supervising its customers. *See Vucinich v. Paine, Webber, Jackson, & Curtis, Inc.,* 803 F.2d 454, 461 (9th Cir.1986); *Kotz v. Bache Halsey Stuart, Inc.,* 685 F.2d 1204, 1207–08 (9th Cir.1982). During the arbitration proceeding, even ADM's experts testified that a negligence cause of action existed in this case. Therefore, we conclude that the district court did not err in holding that the Panel did not act with manifest disregard of the law.

Finally, the district court did not err in confirming the Panel's award of prejudgment interest in the amount of 10 percent per annum. Because the award of 10 percent per annum prejudgment interest was within the fixed statutory maximum under Hawaii law, the Panel was authorized to make this award. Haw.Rev. Stat. § 478–3 (authorizing a prejudgment award at the a 10 percent per annum interest rate); Haw.Rev.Stat. § 636–16; *Sussel v. Civil Serv. Comm'n of the City and the County of Honolulu,* 74 Haw. 599, 851 P.2d 311, 320 (Haw.1993).

AFFIRMED.